EXHIBIT "B-2"

FILED: 2/2/2017 2:43:54 PM
Vickie Edgerly, District Clerk
Orange County, Texas
Reviewed By: Denise Smith

NO. B170035-C

| | | |
|---|---|---|
| TRAVIS WOODS, Plaintiff, | § § § | IN THE DISTRICT COURT |
| V. | § § § | 163rd JUDICIAL DISTRICT |
| THE HOME DEPOT, INC. D/B/A HOME DEPOT #8419, Defendant | § § § § | OF ORANGE COUNTY, TEXAS |

### PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES Travis Woods, hereinafter called Plaintiff, complaining of and about The Home Depot, Inc. d/b/a Home Depot #8419, hereinafter called Defendant, and for cause of action would show unto the Court the following:

### DISCOVERY CONTROL PLAN LEVEL

1. Plaintiff intends that discovery be conducted under Discovery Level 3.

### PARTIES AND SERVICE

2. Plaintiff, Travis Woods is an Individual whose address is P. O. Box 1093, Buna, Texas 77612.

3. The last three numbers of Travis Woods' driver's license number are 855. The last three numbers of Travis Woods' social security number are 996.

4. Defendant The Home Depot, Inc. d/b/a Home Depot #8419, a Nonresident Corporation, may be served pursuant to sections 5.201 and 5.255 of the Texas Business Organizations Code by serving the registered agent of the corporation, Corporation Service Company d/b/a CSC-Lawyers Inco., at 211 E. 7th Street, Suite 620, Austin, TX 78701, its registered office. Service of said Defendant as described above can be effected by certified mail, return receipt requested.

## JURISDICTION AND VENUE

5. The subject matter in controversy is within the jurisdictional limits of this court.

6. Plaintiff seeks:

   a. monetary relief over $200,000 but not more than $1,000,000.

7. This court has jurisdiction over Defendant The Home Depot, Inc. d/b/a Home Depot #8419, because said Defendant purposefully availed itself of the privilege of conducting activities in the state of Texas and established minimum contacts sufficient to confer jurisdiction over said Defendant, and the assumption of jurisdiction over The Home Depot, Inc. d/b/a Home Depot #8419 will not offend traditional notions of fair play and substantial justice and is consistent with the constitutional requirements of due process.

8. Plaintiff would show that Defendant The Home Depot, Inc. d/b/a Home Depot #8419 had continuous and systematic contacts with the state of Texas sufficient to establish general jurisdiction over said Defendant.

9. Furthermore, Plaintiff would show that Defendant The Home Depot, Inc. d/b/a Home Depot #8419 engaged in activities constituting business in the state of Texas as provided by Section 17.042 of the Texas Civil Practice and Remedies Code, in that said Defendant committed a tort in whole or in part in Texas.

10. Defendant owned and operated store #8419, located at 603 Strickland Drive, Orange, Texas 77730. This action arises out of its ownership and operation of that location.

11. Venue in Orange County is proper in this cause under Section 15.002(a)(1) of the Texas Civil Practice and Remedies Code because all or a substantial part of the events or omissions giving rise to this lawsuit occurred in this county.

## FACTS

12. At all times material hereto, Defendant The Home Depot, Inc. d/b/a Home Depot #8419 was the owner of the premises located at 603 Strickland Drive, Orange, Texas 77630.

13. On January 23, 2016, Travis Woods entered upon said premises for the purpose of purchasing items from the Defendant. He entered on the said property of Defendant at the invitation of Defendant to engage in the act of purchasing items from the Defendant.

14. During the time that Travis Woods was upon Defendant's property, Travis Woods was seriously injured as a result of a dangerous and unsafe condition created by Defendant, wherein Plaintiff tripped over a rug, falling and injuring his back and wrist.

15. Travis Woods' bodily injuries occurred as a direct result of a fall that was proximately caused by the dangerous condition described above, which Defendant knew or, in the exercise of ordinary care, should have known existed.

## LIABILITY OF DEFENDANT THE HOME DEPOT, INC. D/B/A HOME DEPOT #8419

16. At all times mentioned herein, Defendant The Home Depot, Inc. d/b/a Home Depot #8419, owned the property in question, located at 603 Strickland Drive, Orange, Texas.

17. At all times mentioned herein, Defendant The Home Depot, Inc. d/b/a Home Depot #8419 had such control over the premises in question that Defendant The Home Depot, Inc. d/b/a Home Depot #8419 owed certain duties to Plaintiff, the breach of which proximately caused the injuries set forth herein.

18. Defendant The Home Depot, Inc. d/b/a Home Depot #8419, Defendant's agents, servants, and employees negligently permitted the floor to become unsafe due to their placement of

a rug, negligently or willfully allowed such condition to continue and negligently or willfully failed to warn Plaintiff of the condition of the floor. This condition existed despite the fact that Defendant The Home Depot, Inc. d/b/a Home Depot #8419 or Defendant's agents knew or should have known of the existence of the aforementioned condition and that there was likelihood of a person being injured as occurred to Plaintiff.

19. Furthermore, Plaintiff would show the court that the condition of the floor had continued for such period that, had Defendant The Home Depot, Inc. d/b/a Home Depot #8419 or Defendant's agents exercised ordinary care in the maintenance of the floor surface area, it would have been noticed and corrected by such persons.

20. At all times pertinent herein, Defendant The Home Depot, Inc. d/b/a Home Depot #8419, and any of Defendant's agents, who were acting in the scope of their employment, were guilty of negligent conduct toward the Plaintiff in:

    A. Failing to properly inspect and maintain the flooring area in question to discover the dangerous condition;

    B. Failing to maintain the floor in a reasonably safe condition;

    C. Failing to give adequate and understandable warnings to Plaintiff of the unsafe condition of the flooring area;

    D. Failing to give warnings to Plaintiff of the unsafe condition;

    E. Failing to remove the rug causing the trip and fall;

    F. Failing to discover and remove the rug within a reasonable time; and

    G. Creating an unreasonably dangerous condition which caused Plaintiff's fall and injuries.

## PROXIMATE CAUSE

21. Each and every, all and singular of the foregoing acts and omissions, on the part of Defendant, taken separately and/or collectively, constitute a direct and proximate cause of the injuries and damages set forth below.

## DAMAGES FOR PLAINTIFF, TRAVIS WOODS

22. As a direct and proximate result of the occurrence made the basis of this lawsuit, and Defendant's acts as described herein, Plaintiff, Travis Woods was caused to suffer injuries to his knee, and body generally, which required surgery, and to endure anxiety, pain, and illness resulting in damages more fully set forth below.

23. As a direct and proximate result of the occurrence made the basis of this lawsuit, Plaintiff, Travis Woods has incurred the following damages:

    A.    Reasonable medical care and expenses in the past. These expenses were incurred by Plaintiff, Travis Woods for the necessary care and treatment of the injuries resulting from the accident complained of herein and such charges are reasonable and were usual and customary charges for such services in Orange County, Texas;

    B.    Reasonable and necessary medical care and expenses which will, in all reasonable probability, be incurred in the future;

    C.    Physical pain and suffering in the past;

    D.    Mental anguish in the past;

    E.    Physical pain and suffering in the future;

    F.    Mental anguish in the future;

    G.    Physical impairment in the past;

    H.    Physical impairment which, in all reasonable probability, will be suffered in the future;

    I.    Disfigurement in the past; and

    J.    Disfigurement in the future.

24.     By reason of the above, Plaintiff, Travis Woods has suffered losses and damages in a sum within the jurisdictional limits of the Court and for which this lawsuit is brought.

### PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff, Travis Woods, respectfully prays that the Defendant be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for the Plaintiff against Defendant for damages in an amount within the jurisdictional limits of the Court; together with pre-judgment interest (from the date of injury through the date of judgment) at the maximum rate allowed by law; post-judgment interest at the legal rate, costs of court; and such other and further relief to which the Plaintiff may be entitled at law or in equity.

Respectfully submitted,

BROWNE & BROWNE

By: _____

SCOTT W. BROWNE
2380 Eastex Freeway
Beaumont, TX 77703
(409) 898-2123 Telephone
(409) 898-2126 Facsimile
TBL# 00796263
vonnie@browneandbrowne.com

and-

THE YOES LAW FIRM
Stuart Yoes, TBL#00798605
3535 Calder, Suite 235
Beaumont, Texas 77706
(409) 833-2352 Telephone
(409) 838-5577 Facsimile
ATTORNEYS FOR PLAINTIFF

ATTORNEYS FOR PLAINTIFF

A TRIAL BY JURY IS DEMANDED:

_____
SCOTT W. BROWNE

REQUEST FOR DISCLOSURE PURSUANT TO

T.R.C.P.194

Pursuant to Rule 194 you are requested to disclose, within 50 days of service of this request, the information described in Rule 194.2 (a) - (l).